UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMEY COOPER and GREGORY SMITH

       Plaintiffs,

-against-

CITY OF NEW ROCHELLE, DETECTIVE MICHAEL O'ROURKE, individually and in his capacity as a member of the City of New Rochelle Police Department; DETECTIVE JOHN PASTORE, individually and in his capacity as a member of the City of New Rochelle Police Department; POLICE OFFICERS JOHN DOE NUMBERS ONE THROUGH FIVE (fictitious names whose actual names are presently unknown), individually and in their capacity as members of the City of New Rochelle Police Department; POLICE OFFICER JANE DOE (a fictitious name whose actual name is presently unknown), individually and in her capacity as a member of the City of New Rochelle Police Department, and DETECTIVE JOHN DOE, (a fictitious name whose actual name is presently unknown) individually and in his capacity as a member of the City of New Rochelle Police Department,

       Defendants.
------------------------------------------------------------X

**PLAINTIFFS' COMPLAINT**

**JURY TRIAL DEMANDED**

Docket No.:

**'11 CIV 00069**

**JUDGE MOTZ**

The Plaintiffs, AMEY COOPER and GREGORY SMITH, by and through their attorneys, REISMAN, RUBEO & McCLURE, LLP, as and for their Complaint against the Defendants, jointly and severally, alleges as follows:

### PRELIMINARY STATEMENT

1. This complaint seeks, *inter alia*, damages pursuant to *42 U.S.C.A. § 1983* and *42 U.S.C.A. § 1988* for violation of Plaintiffs' civil rights.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

2. The Plaintiff, AMEY COOPER, brings this action for the violation of her civil rights by the Defendants. The violations of her civil rights include but are not limited to, being unlawfully seized, searched, interrogated, and having her liberty restrained, without reasonable cause or basis; conspiracy to violate her civil rights as prohibited by *42 U.S.C. §1985(3)*; and other wrongful acts by: CITY OF NEW ROCHELLE, DETECTIVE MICHAEL O'ROURKE, individually and in his capacity as a member of the City of New Rochelle Police Department; DETECTIVE JOHN PASTORE, individually and in his capacity as a member of the City of New Rochelle Police Department; POLICE OFFICERS JOHN DOE NUMBERS ONE THROUGH FIVE (fictitious names whose actual names are presently unknown), individually and in their capacity as members of the City of New Rochelle Police Department; POLICE OFFICER JANE DOE (a fictitious name whose actual name is presently unknown), individually and in her capacity as a member of the City of New Rochelle Police Department, and DETECTIVE JOHN DOE, (a fictitious name whose actual name is presently unknown) individually and in his capacity as a member of the City of New Rochelle Police Department, (collectively the "Defendants").

3. The Plaintiff, GREGORY SMITH, brings this action for the violation of his civil rights by the Defendants. The violations of civil his rights include but are not limited to, being assaulted and/or battered; unlawfully seized, searched, and interrogated; and having his liberty restrained, without reasonable cause or basis; conspiracy to violate his civil rights as prohibited by *42 U.S.C. §1985(3)*; and other wrongful acts by: CITY OF NEW ROCHELLE, DETECTIVE MICHAEL O'ROURKE, individually and in his capacity as a member of the City of New Rochelle Police Department; DETECTIVE JOHN PASTORE, individually and in his capacity as a member of the City of New Rochelle Police Department; POLICE OFFICERS JOHN DOE NUMBERS ONE

THROUGH FIVE (fictitious names whose actual names are presently unknown), individually and in their capacity as members of the City of New Rochelle Police Department; POLICE OFFICER JANE DOE (a fictitious name whose actual name is presently unknown), individually and in her capacity as a member of the City of New Rochelle Police Department, and DETECTIVE JOHN DOE, (a fictitious name whose actual name is presently unknown) individually and in his capacity as a member of the City of New Rochelle Police Department, (collectively the "Defendants").

4. As a result of the Defendants above acts plaintiff AMEY COOPER suffered severe emotional trauma, public humiliation, embarrassment, anxiety, loss of sleep, and related effects and ailments, permanent and/or temporary damage to her reputation, and monetary loss all due to the unreasonable and/or bad faith, and/or reckless and/or malicious actions of the Defendants.

5. As a result of the Defendants above acts plaintiff GREGORY SMITH suffered serious physical injury including but not necessarily limited to a broken and/or dislocated jaw, emotional trauma, public humiliation, embarrassment, anxiety, loss of sleep, and related effects and ailments, permanent and/or temporary damage to his reputation, and monetary loss all due to the unreasonable and/or bad faith, and/or reckless and/or malicious actions of the Defendants.

6. Plaintiffs seek monetary, compensatory damages, economic damages, punitive and/or exemplary damages, attorneys' fees, costs, disbursements and other appropriate relief as warranted by Defendants' willful unlawful acts.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred upon this Court pursuant to *28 U.S.C. §§1331, 1343(a)(1), (2), (3) and (4)*, this being an action seeking redress and to recover damages for violations of the Plaintiffs' constitutional and civil rights. This Court has jurisdiction over the remaining causes of

action pursuant to the doctrine of pendant jurisdiction.

8. The Plaintiffs demands a trial by jury on each and every one of the claims as pleaded herein.

9. The acts or omissions giving rise to the Plaintiffs' claims arose in County of Westchester, State of New York. Venue is proper in the United States District Court for the Southern District of New York pursuant to *28 U.S.C. §§1391(b) and ( c)*.

## PARTIES

10. The Plaintiff, AMEY COOPER (hereafter referred to as "Cooper"), at all times relevant herein, is and was a resident of the County of Westchester, State of New York.

11. The Plaintiff, GREGORY SMITH (hereafter referred to as "Smith"), at all times relevant herein, is and was a resident of the County of Westchester, State of New York.

12. Upon information and belief, Defendant CITY OF NEW ROCHELLE (hereafter referred to as "New Rochelle") was and is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. New Rochelle assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risk attaches to public consumers of the services provided by New Rochelle.

13. Upon information and belief, the Defendant DETECTIVE MICHAEL O'ROURKE, (hereafter "O'Rourke") at all times relevant herein, was employed by New Rochelle as a member of the New Rochelle Police Department. O'Rourke is sued individually and in his official capacity.

14. Upon information and belief, the Defendant DETECTIVE JOHN PASTORE, (hereafter "Pastore") at all times relevant herein, was employed by New Rochelle as a member of

the New Rochelle Police Department. Pastore is sued individually and in his official capacity.

15. Upon information and belief, the Defendants POLICE OFFICERS JOHN DOE NUMBERS ONE THROUGH FIVE at all times relevant herein, was employed by New Rochelle as a member of the New Rochelle Police Department. Police Officers Doe Numbers one through five are sued individually and in their official capacities.

16. Upon information and belief, the Defendant POLICE OFFICER JANE DOE, (hereafter "P.O Jane Doe") at all times relevant herein, was employed by New Rochelle as a member of the New Rochelle Police Department. P.O Jane Doe is sued individually and in her official capacity.

17. Upon information and belief, DETECTIVE JOHN DOE, (hereafter Detective John Doe") at all times relevant herein, was employed by New Rochelle as a member of the New Rochelle Police Department. Detective John Doe is sued individually and in his official capacity.

## STATEMENT OF FACTS

18. On or about November 1, 2008, at approximately 9:15 p.m., in the City of New Rochelle, County of Westchester, State of New York Cooper was operating a motor vehicle on Lincoln Avenue, a public street, and Smith was a passenger in said motor vehicle.

19. At or about the above-mentioned date, time and location an unmarked City of New Rochelle Police vehicle operated and/or occupied by O'Rourke and Pastore effected a traffic stop of Cooper's vehicle by signaling Plaintiffs with the police vehicle's emergency lights mounted on the police vehicle.

20. Cooper immediately complied with the traffic stop by pulling over to the side of the road, and stopping her vehicle.

21. O'Rourke and Pastore approached Cooper's vehicle. O'Rourke approached Cooper at the driver's side window and demanded that she produce her driver's license. O'Rourke then addressed Smith, and ordered him to get out of the vehicle. Both Plaintiffs complied with O'Rourke's directives.

22. After Smith got out of the vehicle O'Rourke went around to the passenger side of the vehicle, and informed Cooper that he wanted to pat around in the seat where Smith had been sitting. Plaintiff asked O'Rourke if he needed a search warrant to search her vehicle and O'Rourke replied, in sum and substance, that he did not need a warrant to search her vehicle. O'Rourke then proceeded to search, among other things, the front passenger seat area; opened the closed ashtray of the vehicle and searched inside; and opened the vehicle's glove compartment and search inside it. Upon information and belief, O'Rourke did not discover any contraband during this search.

23. While O'Rouke was with Cooper, Pastore handcuffed Smith, walked him to the back of the vehicle and then searched Smith's pockets and/or person.

24. After Pastore was finished searching Smith's person, O'Rourke searched Smith's pockets and/or person. As O'Rourke was searching Smith's person he was interrogating Smith about where he was coming from and who he was speaking with. O'Rourke became upset with Smith, spun him around and punched Smith with a closed fist one time in Smith's mouth. Smith was still rear handcuffed at the time O'Rourke punched him in the mouth. Smith suffered pain and bleeding to his mouth and teeth as a result of being punched by O'Rouke.

25. After O'Rourke punched Smith in the mouth he pushed Smith onto the hood of unmarked police vehicle. O'Rourke began to choke Smith by placing his left arm under Smith's chin and around his neck. Pastore then grabbed Smith by his arm and both O'Rourke and Pastore

lifted Smith off of the hood of the car and put him face down on the ground. O'Rourke then placed his foot on Smith's back and held him down by asserting pressure on Smith's back.

26. Police Officers John Doe numbers 1-5 arrived, lifted Smith off of the ground and placed him into a marked police vehicle. Police Officers John Doe numbers 1-5 were all wearing City of New Rochelle Police Department uniforms.

27. Following O'Rouke's above-mentioned search of Cooper's vehicle, Defendant Police Officer Doe Number 3 (hereafter referred to as "P.O. Doe 3") arrived. P.O. Doe 3 leaned inside the passenger window of the Cooper's vehicle and demanded that Cooper turn over her car keys to P.O. Doe 3. Demand complied with the P.O. Doe 3's command.

28. Shortly thereafter, O'Rourke came to the driver's side window of Cooper's vehicle and ordered her to give him her cell phone and further ordered her to step out of the car, go to the front of the car, and place her hands on the hood of the car. Cooper complied with all of O'Rourke's commands.

29. Detective John Doe then approached Cooper and began interrogating her at the font of her vehicle. O'Rourke threatened to impound Cooper's vehicle.

30. Police Officer Jane Doe removed Cooper's pocketbook from Cooper's arm, and then searched the contents of Cooper's pocketbook and her wallet that was inside the pocketbook. After the search of Cooper's pocket book, Police Officer Jane Doe patted down and conducted a search Cooper's person. Police Officer Jane Doe searched inside of each of Cooper's pockets and removed the contents thereof. Upon information and belief, P.O. Jane Doe did not find any contraband on Cooper's person.

31. Upon information and belief, O'Rourke then directed Police Officers John Doe Numbers One through Five and Police Office Jane Doe to conduct a search of Cooper's vehicle. The Defendants then conducted a search of Cooper's vehicle. They, among other things, removed Cooper's daughter's car seat, emptied out all of contents of the receptacles/storage areas in the interior of the vehicle, and the contents of the hatch/trunk of the vehicle. The Defendants either threw all of the contents of Coopers' vehicle on the floor of the vehicle or onto the street.

32. Among other things, the Defendants removed a cordless Dewalt Sawzall (hereafter "Sawzall') belonging to Smith from the hatch/trunk area of the vehicle.

33. O'Rourke continued to threaten that Cooper's car was going to be impounded and claimed that he found "crack" in the car. Upon information and belief, the Defendants did not recover crack or any other contraband from Cooper's car.

34. While the Defendant Police officers searched Cooper's person and vehicle she was required to keep her hands on the hood of her vehicle. She was no free to leave the location or remove her hands from the hood of the vehicle.

35. Following the search and ransacking of Cooper's vehicle O'Rourke crumpled up the registration to Cooper's vehicle and slammed it on the top of the vehicle. O'Rourke then threw Cooper's property through the window of the vehicle and stated in sum and substance to Cooper, "Here, here's all of your shit. Go on, get out of here, we'll be down to see you at the health department".

36. The Defendants then began to leave the location. As O'Rourke was leaving he stated to Cooper, in sum and substance, "By the way, you need to go get your car washed, and I hope your kids don't choke on crack".

37. The Defendants left Cooper in the street standing next to her vehicle. Most of the property that the Defendants removed from her vehicle were left strewn on the floor of her car and/or on the street.

38. Cooper was unlawfully detained at the location by the Defendants for approximately one hour. She was not free to leave the location until all of Defendants left the scene. Cooper was neither formally arrested for the commission of a crime or an offense, nor issued any traffic citations by the Defendants.

39. While Cooper was gathering her property from the street and returning it to her vehicle she observed that the Sawzall that the Defendants removed from her hatch/trunk area was missing.

40. Neither Plaintiff gave the Defendants permission or authority to take, remove, obtain and/or keep the Sawzall.

41. Following his above mentioned arrest Smith was transported to the City of New Rochelle Police Station by Police Officers John Does numbers 1 and 2 in marked City of New Rochelle Police vehicle. Upon arrival at the police station Smith was placed in a holding cell and denied proper medical treatment for his injuries.

42. Approximately one hour after being placed in the holding cell inside of the City of New Rochelle police station an ambulance arrived and transported Smith to Sound Shore Medical Center emergency room. Upon arrival at the hospital Smith was handcuffed to a hospital bed while he was being examined and treated by the hospital staff. After approximately five hours at the hospital Smith was transported by unidentified members of the City of New Rochelle police department back to the City of New Rochelle police station where he was fingerprinted and

photographed.

43. On or about November 2, 2008 at approximately 6:00 a.m. Smith posted $750.00 bail at the New Rochelle police station and was released from custody. The Defendants issued Smith a City of New Rochelle Police Department "Appearance Ticket" that directed Smith to appear in the New Rochelle City Court at 9:30 a.m. on the 12th day of November 2008.

44. On or about November 12, 2008 O'Rourke initiated a criminal prosecution against Smith with the filing a "Misdemeanor Information" in the City Court of the City of New Rochelle alleging that on or about November 1, 2008 at approximately 10:00 p.m. at Lincoln Avenue and Oakdale Avenue in the City of New Rochelle Smith committed the crimes of Obstructing Governmental Administration in the Second Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, Resisting Arrest, and the offense of Unlawful Possession of Marijuana.

45. Upon information and belief, the criminal proceeding initiated by O'Rouke in the City Court of the City of New Rochelle was dismissed and sealed in or about January and between January, 2009 and March, 2009.

46. At all times herein the actions of the Defendants were outrageous and/or willful and/or malicious so as to entitle the plaintiffs to punitive damages as permitted under *42 U.S.C. §1983*.

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983 AND BY THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

47. The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "46" as if the same are more fully set forth herein.

48. At all times relevant herein, the conduct of all Defendants were subject to the provisions of *42 U.S.C. §§1983, 1985, 1986 and 1988.*

49. As of November 1, 2008, there existed a clearly recognized civil right pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from the deprivation of liberty and/or property without due process of law and/or illegal acts which would violate the rights guaranteed to the Plaintiff Cooper under the Constitution and laws of the United States and the State of New York.

50. The conduct of the Defendants deprived plaintiff Cooper of the following rights, privileges and immunities secured to her by the Constitution of the United States:

   (a) The right of plaintiff to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and

   (b) The right of plaintiff to be informed of the nature and cause of the accusation against her, secured to her under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

   (c) The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.

51. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff Cooper suffered injuries and damages including, but not limited to, severe emotional trauma, public humiliation, embarrassment, anxiety, loss of sleep, and related effects and ailments, permanent and/or temporary damage to her reputation.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983 AND BY THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

52. The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "51" as if the same are more fully set forth herein.

53. At all times relevant herein, the conduct of all Defendants were subject to the provisions of *42 U.S.C. §§1983, 1985, 1986 and 1988.*

54. As of November 1, 2008, there existed a clearly recognized civil right pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution to be free from the deprivation of life, liberty and/or property, without due process of law and/or illegal acts which would violate the rights guaranteed to the Plaintiff Smith under the Constitution and laws of the United States and the State of New York.

55. The conduct of the Defendants deprived plaintiff Smith of the following rights, privileges and immunities secured to her by the Constitution of the United States:

    (a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and

    (b) The right of plaintiff to be informed of the nature and cause of the accusation against him, secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

    (c) The right of plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured

by the Fourteenth Amendment to the Constitution of the United States; and

(d) The right of plaintiff to be free from excessive police conduct and/or force secured by the Fourth and Fourteenth Amendments to the Constitution of the United States; and

(e) The right of plaintiff to be free from false arrest and malicious prosecution by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

56. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff Smith suffered injuries and damages including, but not limited to, serious physical injury, severe emotional trauma, public humiliation, embarrassment, anxiety, loss of sleep, and related effects and ailments, permanent and/or temporary damage to her reputation.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS FOR UNLAWFUL STOP, DETENTION, AND INTERROGATION OF PLAINTIFF COOPER IN VIOLATION OF STATE COMMON LAW AND FEDERALLY PROTECTED RIGHTS

57. The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "56" as if the same are more fully set forth herein.

58. Cooper was stopped in her motor vehicle, detained, and interrogated without cause by the individually named defendants.

59. Cooper's vehicle and person were then illegally searched by the individually named defendants.

60. There was no reasonable suspicion or probable cause or lawful basis whatsoever for Cooper's stop, detention, interrogation and the search of her person and vehicle.

61. Defendants' actions constituted a violation of Cooper's Fourth Amendment rights

under *42 U.S.C.A. § 1983*.

62. The Defendants actions were also violative of Cooper's rights under state common law.

63. As a direct result of the Defendants' actions, plaintiff was subjected to emotional injury, loss of liberty and freedom, and deprivation of her personal property.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS FOR UNLAWFUL STOP, DETENTION, AND INTERROGATION OF PLAINTIFF SMITH IN VIOLATION OF STATE COMMON LAW AND FEDERALLY PROTECTED RIGHTS

64. The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "63" as if the same are more fully set forth herein.

65. Plaintiff Smith a passenger in Cooper's vehicle that was stopped by the individually named defendants without cause.

66. Smith was detained, searched and interrogated without cause or justifications by the individually named defendants without cause.

67. There was no reasonable suspicion or probable cause or lawful basis whatsoever for Smith's stop, detention, interrogation and the search of his person.

68. The Defendants' actions constituted a violation of Smith's Fourth and Fifth Amendment rights under *42 U.S.C.A. § 1983*.

69. The Defendants' actions were also violative of Smith's rights under state common law.

70. As a direct result of the Defendants' actions, plaintiff was subjected to emotional injury, loss of liberty and freedom, and deprivation of his personal property.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW ROCHELLE FOR INADEQUATE TRAINING, SUPERVISION, AND DISCIPLINE

71. The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "70" as if the same are more fully set forth herein.

72. New Rochelle's failure to train, supervise, and discipline amounts to deliberate

indifference to the rights of persons with whom the New Rochelle Police Department and the other police authorities named defendants in this case comes into contact, including plaintiffs.

73. Defendants failed to train, supervise, and discipline police officers, including the individually named defendants, the "Jane Doe" defendant and the "John Doe" defendants so as to prevent the unlawful stopping, detention, interrogation, and search of plaintiff Cooper and her vehicle.

74. The deficiency in the training, supervision, and disciplining of defendant police officers, including the individually named defendants, the "Jane Doe" defendant and the "John Doe" defendants, was an actual cause of the constitutional deprivations and injuries suffered by plaintiff Cooper.

75. As a direct result of New Rochelle's negligence, plaintiff Cooper was subjected to emotional injury, body searching, confinement, and deprived of her liberty, freedom, and personal property.

### AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW ROCHELLE FOR INADEQUATE TRAINING, SUPERVISION, AND DISCIPLINE

76. The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "75" as if the same are more fully set forth herein.

77. New Rochelle's failure to train, supervise, and discipline amounts to deliberate indifference to the rights of persons with whom the New Rochelle Police Department and the other police authorities named defendants in this case comes into contact, including plaintiffs.

78. Defendants failed to train, supervise, and discipline police officers, including the individually named defendants, the "Jane Doe" defendant and the "John Doe" defendants so as to prevent the unlawful stopping, detention, interrogation, and search of plaintiff Smith.

79. The deficiency in the training, supervision, and disciplining of defendant police officers, including the individually named defendants, the "Jane Doe" defendant and the "John Doe"

defendants, was an actual cause of the constitutional deprivations and injuries suffered by plaintiff Smith.

80. As a direct result of New Rochelle's negligence, plaintiff Smith was subjected to emotional injury, body searching, confinement, physical injury and deprived of his liberty, freedom, and personal property.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF SUBSTANTIVE DUE PROCESS
### 42 U.S.C.A. § 1983

81. The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "80" as if the same are more fully set forth herein.

82. Defendants' misconduct alleged above was outrageous and shocking to the conscience, in violation of Plaintiffs' substantive due process right to personal security as guaranteed by the 14th Amendment of the United States Constitution.

83. Defendants' misconduct directly and proximately caused Plaintiffs to suffer injury, including shock, physical injury (Smith only), extreme emotional distress, and humiliation.

**WHEREFORE**, the Plaintiffs demand the following relief jointly and severally against all of the Defendants:

1) On the First Cause of Action, compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

2) On the Second Cause of Action, compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

3) On the Third Cause of Action, compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

4) On the Fourth Cause of Action, compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

5) On the Fifth Cause of Action, compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

6) On the Sixth Cause of Action, compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

7) On the Seventh Cause of Action, compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

8) Punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

9) An Order pursuant to *42 U.S.C. §1988*, that the Plaintiffs are entitled to the costs incurred in maintaining this action and attorneys' fees;

10) Together with such other and further relief as the Court deems just and proper.

Dated: December 27, 2010
       Hawthorne, New York

Yours, etc.,
REISMAN, RUBEO & McCLURE, LLP

_____
CHRISTOPHER W. McCLURE, ESQ. (CM0251)
*Attorneys for Plaintiffs*
151 Broadway
Hawthorne, New York 10532
(914) 495-3050