UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
AMEY COOPER and GREGORY SMITH

                                    Plaintiffs,                          **11 Civ 00069 (JFM/LMS)**

           -against-


CITY OF NEW ROCHELLE, DETECTIVE MICHAEL
O'ROURKE, individually and in his capacity as a member of the
City of New Rochelle Police Department; DETECTIVE JOHN
PASTORE, individually and in his capacity as a member of the
City of New Rochelle Police Department; POLICE OFFICERS
JOHN DOE NUMBERS ONE THROUGH FIVE (fictitious names
whose actual names are presently unknown), individually and in
their capacity as members of the City of New Rochelle Police
Department; POLICE OFFICER JANE DOE (a fictitious name
whose actual name is presently unknown), individually and in her
capacity as a member of the City of New Rochelle Police
Department, and DETECTIVE JOHN DOE, (a fictitious name
whose actual name is presently unknown) individually and in his
capacity as a member of the City of New Rochelle Police
Department,

                                    Defendants.

-------------------------------------------------------------------------X


### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
### TO THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT


                          REISMAN, RUBEO & McCLURE, LLP
                          *Attorneys for Plaintiffs*
                          151 Broadway
                          Hawthorne, New York 10532
                          (914) 495-3050
                          By:    Christopher W. McClure, Esq. (CM0251)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................i

PRELIMINARY STATEMENT....................................................................1

STATEMENT OF FACTS...........................................................................2

STANDARD OF REVIEW...........................................................................2

ARGUMENT.................................................................................................4

POINT I.........................................................................................................4

**QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANTS O'ROURKE AND PASTORE LAWFULLY STOPPED COOPER'S VEHICLE, AND LAWFULLY SEARCHED BOTH PLAINTIFFS AND THE VEHICLE.**

    **A.    QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER O'ROURKE AND PASTORE LAWFULLY STOPPED COOPER'S VEHICLE.**...................................................4

    1.    There is a Question of Fact About O'ROURKE'S and PASTORE'S Knowledge of the basis of the Confidential Informant's Belief that SMITH was in Possession of Narcotics...........................................5

    2.    There Is a Question of Fact as to the Informant's Reliability.........................................................7

    3.    There is a Question of Fact as to Whether O'ROURKE and/or PASTORE Sufficiently Corroborated the Confidential Informant's Information.........................................7

    **B.    QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER O'ROURKE AND PASTORE LAWFULLY SEARCHED SMITH'S PERSON.**...........................................8

    **C.    NEW YORK USES A DIFFERENT STANDARD TO DETERMINE THE LEGALITY OF SEARCHES INVOLVING AN INFORMANT.**...........................................9

POINT II.......................................................................................................10

**QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER PLAINTIFF**

**SMITH'S ARREST WAS  LAWFUL**
POINT III...................................................................................................................12

**EXAMINING THE ADMISSIBLE EVIDENCE IN THE LIGHT MOST FAVORABLE
TO THE PLAINTIFF, THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT
REGARDING PLAINTIFFS MALICIOUS PROSECUTION CLAIM.**

      1.     Defendants initiated a criminal proceeding against Plaintiff
            SMITH....................12

      2.     The criminal proceeding was terminated in SMITH's favor................................12

      3.     Probable
            Cause........................................................................................................14

      4.     Malice...........................................................................................................14

POINT IV...................................................................................................................15

**EXAMINING THE ADMISSIBLE EVIDENCE IN THE LIGHT MOST FAVORABLE
TO THE PLAINTIFF, THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT AS
TO THE LAWFULNESS OF THE SEARCH OF COOPER'S VEHICLE.**

      A.     THE INITIAL SEARCH OF COOPER'S VEHICLE WAS UNLAWFUL..........15

      B.     DEFENDANTS SEARCH OF COOPER'S ENTIRE VEHICLE
            WAS UNLAWFUL............................................................................................16

POINT V....................................................................................................................17

**EXAMINING THE ADMISSIBLE EVIDENCE IN THE LIGHT MOST
FAVORABLE TO THE PLAINTIFF, THERE EXISTS A GENUINE ISSUE OF
MATERIAL FACT PRECLUDING SUMMARY JUDGMENT ON THE
ISSUE OF THE DEFENDANTS' DUE PROCESS VIOLATIONS.**

POINT XI...................................................................................................................17

**EXAMINING THE ADMISSIBLE EVIDENCE IN THE LIGHT MOST
FAVORABLE TO THE PLAINTIFF, THERE EXISTS A GENUINE ISSUE OF
MATERIAL FACT ABOUT PASTORE'S PERSONAL INVOLVEMENT
PRECLUDING SUMMARY JUDGMENT.**

POINT XII..........................................................................................................................18

**DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THEIR DEFENSE OF QUALIFIED IMMUNITY**

1.    The Defendants Cannot Meet the Clearly Established Right
         Prong of the Qualified Immunity Standard............................................................19

2.    Questions of Fact Exist as to Whether Defendant
         O'ROURKE and PASTORE Had Arguable Probable Cause to
         Arrest SMITH........................................................................................................20

POINT XIV........................................................................................................................21

CONCLUSION...................................................................................................................22

## <u>TABLE OF AUTHORITIES</u>

<u>Statutes</u>

42 U.S.C. §1983....................................................................................................22

N.Y. Penal Law 195.05..........................................................................................13

N.Y. Penal Law 205.30..........................................................................................13

<u>Case Law</u>

Adams v. Williams, 407 U.S. 143 (1972)..................................................................4

Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)..................................................2,3

Aguilar v. Texas, 378 U.S. 108 (1964)...................................................................5,9

Alabama v. White, 496 U.S. 325 (1990)...................................................................6

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)...............................................2

Arizona v Gant, 556 US 332 (2009)....................................................................15,16

Blazina v. The Port Authority of New York & New Jersey, 2008 WL 919671 *5
(District Court SDNY 2008)...................................................................................14

Brinegar v. United States, 338 U.S. 160 (1949).......................................................11

Brodie v. Fuhrman, 2010 WL 1189347 at *5 (E.D.N.Y. 3/29/2010)...........................11

Boyd v. City of N.Y., 336 F.3d 72 (2d Cir. 2003)..................................................14.21

Carroll v. United States, 267 U.S.(1925)................................................................11

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)..........................................................2

Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29 (2d Cir.1994)...................................2

Clark v. Nannery, 292 N.Y. 105 (1944)..................................................................11

Cook v. Sheldon, 41 F.3d 73 (2d Cir. 1994).........................................................12,19

Devenpeck v. Alford, 543 U.S. 146 (2004)..............................................................11

i

Delaware v. Prouse, 440 U.S. 648 (1979)................................................................................4

Dunaway v. New York, 442 U.S. 200 (1979)..........................................................................11

Eastway Constr. Corp. v. City of New York, 762 F.2d 243 (2d Cir.1985).................................11

Farrell v. Burke, 449 F.3d 470 (2d Cir. 2006)........................................................................18

Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219 (2d Cir.1994)...............................2,11

Giannullo v. City of New York, 322 F.3d 139 (2d Cir.2003)......................................................3

Golino v. City of New Haven, 950 F.2d 864 (2d Cir.1991).......................................................20

Harlow v. Fitzgerald, 457 U.S. 800 (1982).............................................................................19

Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317 (2d Cir.1975)....................................11

Higazy v. Templeton, 505 F.3d 161 (2d Cir. 2007)....................................................................2

Howley v. Town of Stratford, 217 F.3d 141 (2d Cir.2000)........................................................3

Illinois v. Gates, 462 U.S. 213 (1983).....................................................................................5

In re State Police Litigation, 88 F.3d 111 (2d Cir. 1996).........................................................18

Jenkins v. City of New York, 478 F.3d 76 (2d Cir. 2007).........................................................21

Johnson v Fallon, 2009 WL 513733 *3 (D Conn Feb. 10, 2009)..............................................18

Katz v. United States, 389 U.S. 347 (1967)............................................................................15

Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1997)...........................................................11,18,19

Lillis v. Golino, 505 U.S. 1221 (1992)....................................................................................20

Lowth v. Town of Cheektowaga, 82 F.3d 563 (2d Cir. 1996)................................................15,21

Martin v. City of Albany, 42 N.Y.2d 13 (1977)....................................................................14,21

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)...........................2

Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).................................................................12

ii

Parkin v. Cornell University, 78 N.Y.2d 523 (1991)..................................................................14

People v. Edwards, 95 N.Y.2d 486 (2000)...................................................................13,14

People v. Ketcham, 93 N.Y.2d 416 (1999).......................................................................9

People v. Oden, 36 N.Y.2d 382 (1975)..........................................................................11

People v. Rodriquez, 52 N.Y.2d 483 (1981)....................................................................5,7

Provost v. City of Newburgh, 262 F.3d 146 (2d Cir.2001)......................................................18

R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir.1997).................................................3

Ricciuti v. N.Y. City Tran. Auth., 124 F.3d 123 (2d Cir. 1997)........................................12, 14, 15,21

Roberts v. City of New York, 753 F.Supp. 480 (S.D.N.Y. 1990)..................................................10

Rogath v. Siebenmann, 129 F.3d 261 (2d Cir.1997)............................................................3

Rounseville v. Zahl, 13 F.3d 625 (2d Cir. 1994)..............................................................10,14,15,21

Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)..............................................................12

Schering Corp. v. Home Ins. Co., 712 F.2d 4(2d Cir.1983)......................................................3

Sheikh v City of New York, Police Dept., 03-CV-6326 (NGG), 2008 WL 5146645 *8 (EDNY Dec. 5, 2008)............................................................................17

Roviaro v. United States, 353 U.S. 53 (1957)................................................................13

Smith v Nassau County, 34 N.Y.2d 18 (1974)...................................................................10,11

Spinelli v. United States, 393 U.S. 410 (1969)...............................................................9

Terry v. Ohio, 392 U.S. 1 (1968)............................................................................4

Tepperman v. N.Y.C. Transit Authority, 133 Misc.2d 788,793 (Civ Ct, NY County, 1986)........11

United States v Arvizu, 534 US 266 (2002)....................................................................4

United States v. Cortez, 449 U.S. 411 (1981).................................................................4

United States v Elmore, 482 F3d 172 (2d Cir 2007)........................................................................4,5,6

United States v. Harrell, 268 F.3d 141 (2d Cir.2001)........................................................................4

United States v. McDermott, 918 F.2d 319 (2d Cir.1990)................................................................17

United States v. Price, 599 F.2d 494 (2d Cir.1979)..........................................................................8

United States v Shamsideen, 03 CR.1313(SCR), 2004 WL 1179304 (SDNY May 3, 2004)............4,8

United States v. Scopo, 19 F.3d 777 (2d Cir.1994)..........................................................................4

United States v Singleton, 608 F Supp 2d 397 (WDNY 2009)..........................................................9

United States v Toole, 06-CR-6024L, 2008 WL 2323362 (WDNY Jan. 11, 2008).........................13

United States v. Villegas, 928 F.2d 512 (2d Cir.1991).....................................................................9

United States v Vanhoesen, 552 F Supp 2d 335 (NDNY 2008)........................................................5

Vivenzio v. City of Syracuse, 611 F.3d 98 (2d Cir. 2010)....................................................3

Whren v. United States, 517 U.S. 806 (1996)..................................................................................4

Williams v. Smith, 781 F.2d 319 (2d Cir.1986)..............................................................................18

Wong Sun v. United States, 371 U.S. 471 (1963)...........................................................................11

Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007).................................................................10,19,21

## PRELIMINARY STATEMENT

The Plaintiffs, AMEY COOPER (hereinafter "COOPER") and GREGORY SMITH (hereinafter "SMITH"), hereby submit this Memorandum of Law in opposition to the Motion for Summary Judgment of Defendants CITY OF NEW ROCHELLE (hereafter "NEW ROCHELLE"), DETECTIVE MICHAEL O'ROURKE, individually and in his capacity as a member of the City of New Rochelle Police Department (hereafter "O'ROURKE") and DETECTIVE JOHN PASTORE, individually and in his capacity as a member of the City of New Rochelle Police Department (hereafter "PASTORE").

Questions of material fact exist for a jury's determination on the Plaintiffs' claims that the Defendants violated their Fourth and Fourteenth Amendment rights, pursuant to 42 U.S.C. §1983. Specifically, the Defendants have not met their burden of establishing the absence of questions of material facts or that they are entitled to judgment as a matter of law.

The Defendants are not entitled to summary judgment because:

a) there was no probable cause for Defendants O'ROURKE & PASTORE to stop COOPER'S vehicle, search the vehicle, search both COOPER and SMITH, and/or arrest SMITH;

b) there was a favorable termination of the criminal charges filed by the Defendants against SMITH;

c) the prosecution of SMITH was done with malice;

d) Defendants O'ROURKE and PASTORE were personally involved in the violation of the Plaintiffs' civil rights; and

e) Defendants O'ROURKE and PASTORE cannot claim qualified immunity as a defense in this matter.

-1-

In the alternative questions of material fact exist on these issues for a jury's determination that preclude granting the Defendants summary judgment.

## STATEMENT OF FACTS

A statement of the facts and circumstances in this action are fully set forth in both the Plaintiffs' Statement of Undisputed Material Facts and in those un-controverted facts contained in the moving Defendants' Local Rule 56.1 Statement.

All exhibits referred to herein are attached to the Defendants' Motion papers..

## STANDARD OF REVIEW

Summary judgment is appropriate only where examining the evidence in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law'". *Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007)(citing Fed. R. Civ. P. 56(c)); see also, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10 (1986).* The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. *See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir.1994); Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1223 (2d Cir.1994).* In determining whether that burden has been met, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" *Anderson, supra, 477 U.S. at 255; see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).* "'[I]f there is any evidence in the record from any source from which a reasonable inference could be drawn in

favor of the nonmoving party, summary judgment is improper....'" *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010)(*quoting* *Howley v. Town of Stratford*, 217 F.3d 141, 151 (2d Cir.2000)).

Should the movant fail to meet his initial burden, the motion will fail even if the opponent does not submit any evidentiary materials to establish a genuine factual issue for trial. *See* *Adickes*, *supra*, 398 U.S. at 161; *Giannullo v. City of New York*, 322 F.3d 139, 140-41 (2d Cir.2003).

Furthermore, if "the party opposing summary judgment propounds a reasonable conflicting interpretation of a material disputed fact," summary judgment must be denied. *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9 (2d Cir.1983); *see* *also* *Rogath v. Siebenmann*, 129 F.3d 261, 267 (2d Cir.1997); *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 (2d Cir.1997).

In this matter, the Defendants have not met their burden of establishing the absence of questions of material fact for a jury's determination. Also, there is ample evidence in the record from which reasonable inferences can be drawn that multiple questions of material fact exist, which preclude an award of summary judgment in favor of the Defendants.

## ARGUMENT

## POINT I

## QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANTS O'ROURKE AND PASTORE LAWFULLY STOPPED COOPER'S VEHICLE, AND LAWFULLY SEARCHED BOTH PLAINTIFFS AND THE VEHICLE.

"The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v Arvizu, 534 US 266, 273, 2002), citing Terry v. Ohio, 392 U.S. 1, 9 (1968); United States v. Cortez, 449 U.S. 411, 417 (1981).*

### A.    QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER O'ROURKE AND PASTORE LAWFULLY STOPPED COOPER'S VEHICLE.

"The Supreme Court and the Second Circuit have consistently held that a traffic stop is a 'limited seizure' within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution. *See e.g. Whren v. United States, 517 U.S. 806, 813 (1996); Delaware v. Prouse, 440 U.S. 648, 653 (1979); United States v. Harrell, 268 F.3d 141, 148 (2d Cir.2001); United States v. Scopo, 19 F.3d 777, 781 (2d Cir.1994).* Accordingly, in order for the police to stop a vehicle, the officer(s) must have either probable cause or a reasonable suspicion of unlawful conduct based on specific and articulable facts. *Scopo* at 781." *United States v Shamsideen, 03 CR.1313(SCR), 2004 WL 1179304 (SDNY May 3, 2004)(internal citations original)*

"Reasonable suspicion may be based upon information from a confidential informant so long as the tip bears sufficient 'indicia of reliability.'" *United States v Elmore, 482 F3d 172, 179 (2d Cir 2007), quoting Adams v. Williams, 407 U.S. 143, 147 (1972).* Courts must assess whether an informant's tip establishes reasonable suspicion under the totality of the circumstances approach as set forth in *Illinois v. Gates, 462 U.S. 213 (1983). Id, at 179.*

-4-

"Where an informant's statements form the basis of a law enforcement officer's assessment of probable cause, the informant's "veracity, reliability and basis of knowledge" are among several relevant considerations to be balanced, as is the extent to which the informant's statements are corroborated by independent police work." _United States v Vanhoesen, 552 F Supp 2d 335, 339 (NDNY 2008), citing Illinois v. Gates, 462 U.S. 213, 230, 241–42 (1983)._ "…[T]he informant's "basis of knowledge" and "veracity" (_i.e.,_ how he knows and why we should believe him) remain highly relevant to a determination of either probable cause or reasonable suspicion. _Elmore, supra at 179._ "…[A]n informant's "veracity," "reliability" and "basis of knowledge" are all highly relevant in determining the value of his report." _Gates, supra at 230._

### 1.    There is a Question of Fact About O'ROURKE'S and PASTORE'S Knowledge of the basis of the Confidential Informant's Belief that SMITH was in Possession of Narcotics.

"Before the liberty of one of our citizens may be placed in jeopardy on the hearsay relation of another, it must be shown that the informant has some "basis of knowledge" from which he could properly conclude that the subject of the tip was indeed involved in illegal activity and that the informant himself is reliable." _People v. Rodriquez, 52 N.Y.2d 483, 488-489 (1981), citing Aguilar v. Texas, 378 U.S. 108 (1964)._ "[The police can not] blithely accept as true the accusations of an informant unless some good reason for doing so has been established. Otherwise the liberty of each of us is at too great a risk. Thus, before the police can act upon the informant's tale, they must be prepared to demonstrate that they had good reason to believe that this particular informant was telling the truth". _Ibid, at 489._

The informant's "basis of knowledge" and "veracity" _remain highly relevant_ to a determination of either probable cause or reasonable suspicion. _Elmore, supra at 179 (emphasis_

*added), citing* <u>Alabama v. White</u>*, 496 U.S. 325 (1990).*

It is undisputed that the sworn testimony of both defendants O'ROURKE and PASTORE clearly indicate that the <u>*only*</u> information that O'ROUKE received from the confidential informant prior to stopping COOPER'S vehcle was the vague assertion that SMITH was "in possession of narcotics". **(Ex. O, pp. 45,59, 65 & 69 and Ex. N, p. 23)**. The informant failed to give the detective no indication as to the basis of the information for this claim, and O'ROURKE failed to ask for same. **(Ex. O, p. 66).**

Defendants' assertion in their Memorandum of Law that the confidential informant advised O'ROUKE that SMITH had "purchased and was in possession of crack cocaine at Horton Avenue" **(Defendants' Statement of Undisputed Facts, ¶ 96)** is contradicted by the sworn testimony of both O'ROURKE and PASTORE. **(Ex. O, p. 66 and Ex. N, p. 23)** Furthermore, there was neither a description of SMITH nor of the Jeep driving by Plaintiffs given to the Detectives by the informant as has been asserted. **(Memorandum of Law, p.5)**. The Defendants' own sworn testimony contradicts these claims. **Ibid.**

The sworn testimony of O'ROURKE and PASTORE indisputably establishes that the sole basis for the stop of COOPER'S vehicle was the vague assertion from a confidential informant that SMITH was in possession of narcotics. The detectives did not have information as the type of narcotic, the basis of the confidential informant's familiarity with SMITH, the location from where the informant was calling, or the informant's basis of the allegation. **(Ex. O, pp. 64-66).** "[I]f the tip of an otherwise reliable informant were accepted at face value, without inquiry into his "basis of knowledge", the liberty of the subject of the tip could often be placed in jeopardy on the strength of mere rumor and suspicion. <u>People v. Rodriquez</u>*, 52 N.Y.2d 483, 491 (1981)*

The conflicts of the evidence submitted by the Defendants and the sworn testimony of O'ROURKE AND PASTORE have created a material question of fact as to whether defendants O'ROURKE and/or PASTORE knew the basis of the informant's belief that SMITH was in possession of narcotics.

### 2.    There Is a Question of Fact as to the Informant's Reliability.

Defendants assert that the information received from O'ROURKE'S confidential informant should be believed because the informant had proven reliable in the past.  However, O'ROUKE could not recall when he first "signed up" this informant, when the last time he had received information from the informant was prior to November 1, 2008, exactly how many times he had recevied information from the informant, or whether he paid the informant each time he received info from the informant .  *(Ex. O, pp. 55-58)*.  The sworn testimony of the Defendants makes it impossible for the Court to determine  whether the confidential informant had a proven track record of reliable tips.

The conflict between the Defendants' claim that the informant was reliable and the lackof proof supporting this claim creates a question of material fact as to whether O'ROUKE'S confidential informant had proven reliable in the past, and/or whether the informant had a proven track record of reliability as of November 1, 2008.

### 3.    There is a Question of Fact as to Whether O'ROURKE and/or PASTORE Sufficiently Corroborated the Confidential Informant's Information.

As set forth more fully above, the sworn testimony of defendants O'ROURKE AND PASTORE *(Exhibits O & N, respectively)* clearly indicates that the informant only stated to O'ROURKE that the informant believed that SMITH was in "possession of narcotics".  There was

no other discernable information obtained by O'ROUKE from his informant.  As indicated above, the informant failed to provide O'ROURKE with a basis for his belief that SMITH was in possession of narcotics, a description of SMITH, SMITH'S location or how SMITH was traveling, or the type of narcotic drug that he claimed that SMITH possessed.  Again, Defendants' assertions that the informant provided additional information to O'ROURKE is not supported by admissible evidence, and, more significantly, is contradicted by the Defendants sworn testimony.  (*Exhibits O & N*).

"When a court makes a determination as to whether reasonable suspicion existed, it must consider whether the facts, as known to the arresting officer(s) in question, would amount to "reasonable suspicion" from the point of view of 'a reasonable and cautious police officer, guided by his experience and training .'"  *United States v Shamsideen*, 03 CR.1313(SCR), 2004 WL 1179304 [SDNY May 3, 2004], quoting, *United States v. Price*, 599 F.2d 494, 501 (2d Cir.1979).

Based upon the foregoing, examining the facts in a light most favorable to the Plaintiff, there is conflicting evidence that creates genuine issues of material fact as to whether O'ROUKE and PASTORE had sufficient probable cause and/or reasonable suspicion to lawfully stop COOPER'S vehicle.   This conflicting evidence precludes granting the Defendants' motion for summary Judgment.

## B.    QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER O'ROURKE AND PASTORE LAWFULLY SEARCHED SMITH'S PERSON.

"…[A] police officer may detain an individual for brief questioning if the officer has a reasonable suspicion that criminal activity is afoot, and may conduct a limited search to confirm that the individual is not armed. Reasonable suspicion means that police "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.  When evaluating whether or not a police officer had reasonable

suspicion, a court should consider "the totality of the circumstances." <u>United States v Singleton</u>, 608 F Supp 2d 397, 402 (WDNY 2009) *U.S. v. Villegas, 928 F.2d 512, 516 (2d Cir.1991)(internal citations omitted).*

Defendants claim that because the vehicle stop was lawful, the search of SMITH was also lawful.  However, as set forth more fully above, there is conflicting evidence about whether defendants O'ROURKE and PASTORE had the requisite probable cause or reasonable suspicion to stop COOPER'S vehicle.

Additionally there are questions of material fact as to which defendant conducted the initial search of SMITH that yielded the marijuana.  Both O'ROURKE and PASTORE claim that it was O'ROURKE that initially searched SMITH, and both COOPER and SMITH testified that it was PASTORE that initially searched SMITH.  ***(Ex. L, p.150-152 and Ex. M, pp. 44-45, 47, 49-50 & 53-54).***

### C.    NEW YORK USES A DIFFERENT STANDARD TO DETERMINE THE LEGALITY OF SEARCHES INVOLVING AN INFORMANT.

Probable cause may be based on hearsay information provided that the hearsay evidence meets the two-prong test established in *Aguilar–Spinnelli.  People v. Ketcham, 93 N.Y.2d 416, 420,(1999), citing* <u>Aguilar v. Texas</u>*, 378 U.S. 108, (1964);* <u>Spinelli v. United States</u>*, 393 U.S. 410 (1969)* .  "To meet that two-part test, the prosecution must demonstrate the reliability of the hearsay informant and the basis of the informant's knowledge."  "  *<u>Id</u> at 420*.

As set forth more fully *supra,* O'ROUKE never bothered to learn the basis of the informant's basis for his belief that SMITH possessed narcotics, and there is a question of fact as to the informant's reliability, therefore, neither prong of the *Aguilar–Spinnelli* test were satisfied.

Therefore, based upon the foregoing, and examining the facts in a light most favorable to the

Plaintiff, there is conflicting evidence that create genuine issues of material fact which preclude the granting of the Defendants' motion for summary judgment as to whether O'ROUKE and PASTORE had sufficient probable cause and/or reasonable suspicion to search SMITH'S person.

### POINT II

### QUESTIONS OF MATERIAL FACT EXIST AS TO WHETHER PLAINTIFF SMITH'S ARREST WAS LAWFUL

A warrantless arrest carries a presumption that the arrest was unlawful; the burden of proving justification, including reasonable cause, is cast upon the defendants. *Smith v Nassau County*, 34 N.Y.2d 18, 23 (1974)(citations and internal quotations omitted); *Roberts v. City of New York*, 753 F.Supp. 480, 483(S.D.N.Y. 1990)("*A warrantless arrest is presumptively invalid, and the burden of proving 'reasonable cause' is on the police officer.")(internal and external citation omitted).*

Probable cause under New York law is "'the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of.'"*Rounseville v. Zahl*, 13 F.3d 625, 629-630 (2d Cir. 1994)(citations omitted). Stated another way, probable cause exists when "the officers have knowledge of, or *reasonably trustworthy information* as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed". *Zellner v. Summerlin*, 494 F.3d 344, 368-369 (2d Cir. 2007)(emphasis added)(*citing Dunaway v. New York*, 442 U.S. 200, 208 (1979); *Wong Sun v. United States*, 371 U.S. 471, 479, (1963); *Brinegar v. United States*, 338 U.S. 160, 175-176 (1949); *Carroll v. United States*, 267 U.S. 132, 161-162, (1925); *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir. 1997)).

"To determine probable cause, a court does not consider the subjective thoughts of arresting

-10-

officers.  Rather, the probable cause inquiry is an objective one, which 'depends upon the reasonable

conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.'"

_Brodie v. Fuhrman_, 2010 WL 1189347 at *5 (E.D.N.Y. 3/29/2010)(internal citations

omitted)(quoting _Devenpeck v. Alford_, 543 U.S. 146 (2004)).

      The burden of proof is on the moving party to show that there is no genuine issue of material

fact, _Gallo v. Prudential Residential Servs., L.P._, 22 F.3d 1219, 1223 (2d Cir.1994), citing _Heyman_

_v. Commerce & Indus. Ins. Co._, 524 F.2d 1317, 1320 (2d Cir.1975), and "all ambiguities must be

resolved and all inferences drawn in favor of the party against whom summary judgment is sought."

_Id_, citing _Eastway Constr. Corp. v. City of New York_, 762 F.2d 243, 249 (2d Cir.1985).  "[W]hen

the defense of probable cause is based upon conflicting evidence, as herein, from which reasonable

persons might draw different inferences, the question is for the jury or trier of fact."  _Tepperman v._

_New York City Transit Authority_, 133 Misc.2d 788,793 (Civ Ct, NY County, 1986), citing, _Smith v._

_County of Nassau, supra_; _Clark v. Nannery_, 292 N.Y. 105 (1944); see also, _People v. Oden_, 36

N.Y.2d 382 (1975).

      As set forth more fully in Point I supra, examining the facts in a light most favorable to the

Plaintiff, there is conflicting evidence that create genuine issues of material fact as to the legality

of the stop of COOPER'S vehicle, and as to which defendant recovered the alleged marijuana from

SMITH'S person.

<u>**POINT III**</u>

<u>**EXAMINING THE ADMISSIBLE EVIDENCE IN THE LIGHT MOST FAVORABLE
TO THE PLAINTIFF, THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT
REGARDING PLAINTIFFS MALICIOUS PROSECUTION CLAIM.**</u>

Freedom from malicious prosecution is a clearly established right capable of redress under

42 U.S.C. §1983. <u>*Cook v. Sheldon*</u>*, 41 F.3d 73, 77, 79 (2d Cir. 1994)*.

> "In order to state a claim for the tort of malicious prosecution, a plaintiff must prove
> (1) the initiation or continuation of a criminal proceeding against plaintiff; (2)
> termination of the proceeding in plaintiff's favor; (3) lack of probable cause for
> commencing the preceding; and (4) actual malice as a motivation for the defendant's
> actions."

<u>*Murphy v. Lynn*</u>*, 118 F.3d 938, 947 (2d Cir. 1997), quoting* <u>*Russell v. Smith*</u>*, 68 F.3d 33, 36 (2d Cir.
1995)*.

**1.     Defendants initiated a criminal proceeding against Plaintiff SMITH.**

It is indisputable that Defendants arrested SMITH and O'ROURKE filed criminal charges

against SMITH.   A police officer's act of filing criminal charges is sufficient to establish the

initiation of a criminal action. <u>*Ricciuti v. N.Y. City Tran. Auth.*</u>*, 124 F.3d 123, 130 (2d Cir. 1997)*.

 O'ROURKE was involved in the filing of the charges, spoke with Westchester County District

Attorney's office, physically travel to the District Attorney's office to file the charges, and signed

the misdemeanor complaint  ***(Ex. O, pp. 159-160 & 163 and Ex. FF)***.

**2.     The criminal proceeding was terminated in SMITH's favor.**

The Westchester County District Attorney's office dismissed <u>*all*</u> of the charges contained

in the accusatory instrument filed by defendant O'ROUKE, including the Obstructing Governmental

Administration in the Second Degree (OGA) count and the Resisting Arrest count, Counts One and

Count Three respectively. ***(Ex. FF)***.  The purported reason for dismissing all of the charges was due

to the officers' concerns for the informant's safety.  *(Ex. K)*.  However, there is no evidence that the informant was a witness to, or had anything to do with the OGA[1] count or the Resisting Arrest[2] count. Therefore, the purported reason for the dismissal of all of the counts is specious.

Additionally, the alleged concern for the informant's safety is illusionary because, Plaintiffs submit it was highly unlikely, unless the Westchester County District Attorney's office had a question regarding the legality of the vehicle stop and search, that the identity of the confidential informant would have been revealed to either SMITH or his criminal attorney The government generally is not required to disclose the identity of confidential informants." *United States v Toole, 06-CR-6024L, 2008 WL 2323362 (WDNY Jan. 11, 2008) report and recommendation adopted, 06-CR-6024L, 2008 WL 2354959 (WDNY June 3, 2008) citing, Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); See People v. Edwards, 95 N.Y.2d 486, 492 (2000)*

Under this theory, every case that involves a confidential informant would have to be dismissed out of fear for the informant's safety if the legality of the stop is challenged.  Additionally, even if the confidential informant was required to appear at a pre-trial suppression hearing, neither SMITH, nor his criminal attorney would be privy to his identity. *See Edwards, supra at 492.*

---

[1]A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration. **New York State Penal Law § 195.05**

[2]A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person. **New York State Penal Law § 205.30**.

The stated reason for the dismissal of the charges is certainly suspect and unclear. "When the basis for dismissing a criminal charge is unclear, 'New York courts consider whether the proceeding was terminated in plaintiff's favor to be a question of fact that prevents summary judgment.'" *Blazina v. The Port Authority of New York & New Jersey, 2008 WL 919671 \*5 (District Court SDNY 2008), quoting Rounseville v. Zahl, 13 F.3d 625, 629 (2d Cir.1994).*

Therefore, plaintiff SMITH is entitled to a finding that the proceeding was terminated in his favor, or in the alternative, a question of fact exists on this issue.

### 3.   Probable cause

As stated more fully in *Point I, supra*, a genuine issue of material fact exists as to whether defendants O'ROURKE and PASTORE had sufficient probable cause to effect a warrantless arrest of SMITH. Where there are conflicting versions of the facts or the proper inferences to be drawn from the facts on the determination of probable cause, from which reasonable persons might draw different inferences, the question is one for the jury. *Rounseville, supra at 630, citing Parkin v. Cornell University, 78 N.Y.2d 523, 529 (1991).*

### 4.   Malice

As set forth more fully above, there is a genuine issue of material fact as to whether a reasonable police officer could have believed that there was probable cause to charge or arrest SMITH. New York law considers the lack of probable cause and the presence of malice closely related. *Rounseville, supra at 631, citing Martin v. City of Albany, 42 N.Y.2d 13, 17 (1977).* The existence of malice may be inferred from a finding that the defendants lacked probable cause to initiate the criminal proceedings. *Boyd v. City of N.Y., 336 F.3d 72, 78 (2d Cir. 2003)(citing Ricciuti, supra at 131).* Malice may be proved through circumstantial evidence. *Rounseville, supra at 630.*

-14-

The inference of malice due to a lack of probable cause is sufficient to withstand summary judgment. *Ricciuti supra, at 13 (citing Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996)).*

Based upon the foregoing, examining the facts in a light most favorable to the Plaintiff, there exist genuine issues of material fact precluding the granting of the Defendants' motion for summary judgment.

### POINT IV

### EXAMINING THE ADMISSIBLE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF, THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT AS TO THE LAWFULNESS OF THE SEARCH OF COOPER'S VEHICLE.

"'[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Arizona v Gant, 556 US 332, 338 (2009), quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).* It is not in dispute the defendants did not have a search warrant to search COOPER'S vehicle.

### A.    THE INITIAL SEARCH OF COOPER'S VEHICLE WAS UNLAWFUL.

It is not in dispute that O'ROURKE walked to the passenger side window of COOPER'S vehicle and asked COOPER if he could pat around the seat where SMITH had been sitting. COOPER asked if O'ROURKE needed a search warrant; O'ROURKE replied that he did not, and that he only wanted to pat around the seat where SMITH was seated. *(Ex. M, p.54)*. O'ROURKE then stuck his hand into the fold of the seat, then he moved to the gear shift between the seat and the gearbox, stuck his hand in between the seats, and opened the ashtray. He opened the glove compartment and took everything out and thrown it onto the floor of the car. *(Ex. M, pp. 54-55).*

Even assuming arguendo that COOPER consented to the initial request to "pat around the seat", O'ROURKE exceeded the consent by enlarging the search area.

**B.    DEFENDANTS SEARCH OF COOPER'S ENTIRE VEHICLE WAS UNLAWFUL.**

An officer is authorized to conduct a vehicle search when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest. _Arizona v Gant_, _556 US 332, 346 (2009)_.  It is not in dispute that the Defendants did not search COOPER'S entire vehicle until after SMITH was arrested and removed from the scene.  By this time O'ROURKE had already allegedly recovered the narcotics from SMITH and searched the passenger's area of COOPER'S vehicle.  It was not reasonable to believe that evidence of SMITH'S arrest would be found inside COOPER'S vehicle.  It is also not in dispute that neither O'ROURKE, nor PASTORE had any information that COOPER'S vehicle was suspected to contain any illegal contraband or evidence of criminality.  **(Ex. O, pp. 136-137).**  There was not a fair probability that contraband or evidence of a crime would be found in COOPER'S vehicle.

Significantly, there is a question of fact as to the identity and the number of City of New Rochelle Police Officer_s_ that participated in the search of COOPER'S vehicle.  COOPER testified that at O'ROUKE directed at least four City of New Rochelle police officers to search her car, and that the officers took her property out of the car, and threw them on the street.  The officers searched the entire interior of the car.  **(Ex. M., pp. 63-64).**  O'ROURKE beehives his was the only officer to search COOPER'S car and didn't recall if any other officers participated in the search.  **(Ex. O, p. 143)**.  He doesn't recall the specific of the search. **(Id.)**  He also didn't recall if any officers searched COOPER'S person and/or purse.  **(Id.)**

It is not in dispute that during the entire incident that COOPER was in police custody and was not free to leave the scene.  An unidentified police officer seized her car keys and she was ordered to keep her hands on the hood of her car as the officers search it.  **(Ex. M, pp. 59-60)** A female police officer searched her person.  **(Ex. M, pp. 62-63)**

Based upon the foregoing, examining the facts in a light most favorable to the Plaintiff, there exist genuine issues of material fact precluding the granting of the Defendants' motion for summary judgment.

## POINT V

### EXAMINING THE ADMISSIBLE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF, THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT PRECLUDING SUMMARY JUDGMENT ON THE ISSUE OF THE DEFENDANTS' DUE PROCESS VIOLATIONS.

"Due process is violated where officers act in bad faith and make an arrest without probable cause." *Sheikh v City of New York, Police Dept., 03-CV-6326 (NGG), 2008 WL 5146645 *8 (EDNY Dec. 5, 2008),* citing *United States v. McDermott, 918 F.2d 319, 325 (2d Cir.1990).*  As stated more fully *supra,* there are questions of material fact about the legality of the stop of COOPER's vehicle and the existence of probable cause for SMITH'S arrest precluding summary judgment.

## POINT XI

### EXAMINING THE ADMISSIBLE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF, THERE EXISTS A GENUINE ISSUE OF MATERIAL FACT ABOUT PASTORE'S PERSONAL INVOLVEMENT PRECLUDING SUMMARY JUDGMENT.

Contrary to the Defendants' claims, there is a conflict in the parties' respective versions about PASTORE's involvement in the relevant incidents.  **(Ex. L, p.150-152 and Ex. M, pp. 44-45, 47, 49-50 & 53-54).**

"Personal involvement may be established by a showing of direct participation, that is, personal participation by one who has knowledge of the facts that rendered the conduct illegal, or indirect participation such as ordering or helping others to do the unlawful acts." *Johnson v Fallon,* *2009 WL 513733 *3 (D Conn Feb. 10, 2009)(quoting Provost v. City of Newburgh, 262 F.3d 146,* *155 (2d Cir.2001)(internal quotations omitted)).* Furthermore, "[b]ecause 'personal involvement is a question of fact, we are governed by the general rule that summary judgment may be granted only if no issues of material fact exist and the defendant is entitled to judgment as a matter of law.'" *Farrell v. Burke,* 449 F.3d 470, 485 (2d Cir. 2006)(quoting Williams v. Smith, 781 F.2d 319, 323 *(2d Cir.1986))*

Although the Defendants claim that PASTORE had no personal involvement in the incident, the Plaintiffs had a different recollection of the relevant events. The Plaintiffs testified at their depositions that it was Defendant PASTORE that handcuffed and initially searched Plaintiff SMITH. **(Ex. L, pp. 150-152 and M, p. 43-45, 47, 49-50, & 53-54)**

This material conflict between the parties' version of the relevant events requires denial of the Defendants' motion.

<u>**POINT XII**</u>

<u>**DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THEIR DEFENSE OF QUALIFIED IMMUNITY**</u>

"Qualified immunity is an affirmative defense. The burden rests on the defendants to raise the defense in their answer and to establish the defense on a motion for summary judgment or at trial." *Lee v. Sandberg,* 136 F.3d 94, 101 (2d Cir. 1997)(citing In re State Police Litigation, *88 F.3d 111, 123 (2d Cir. 1996)).*

-18-

Governmental officials can only assert a defense of qualified immunity in a case alleging violations of §1983 where their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, *457 U.S. 800, 818, 102 S.Ct 2727 (1982); see also, Zellner v. Summerlin, 494 F.3d 344, 367 (2d Cir. 2007)*.

      1.     The Defendants Cannot Meet the Clearly Established Right
                  Prong of the Qualified Immunity Standard.

The Defendants can not successfully claim that they did not violate any law or clearly established right. Both Plaintiffs claim that they were subject to an illegal search and seizure, and Plaintiff GREGORY SMITH additionally claims that he was falsely arrested and maliciously prosecuted.  All of those claims entail the absence of probable cause.  "It is now far too late in our constitutional history to deny that a person has a clearly established right not to be arrested without probable cause." *Cook, supra, 41 F.3d at 78; see also Lee, supra*. In addition, a claim for malicious prosecution necessarily involves the deprivation of liberty as secured under the Fourteenth Amendment. *Cook, supra (citation omitted)*.

As set forth above, both Plaintiffs were subject to an illegal search and seizure that violated clearly established constitutional rights.  A police officer cannot stop and search a vehicle or its occupants without probable cause to do so.  Defendant O'ROURKE has unequivocally stated his belief that he has the authority to stop and search a vehicle and interrogate its occupants based upon his own subjective interpretation of the law.

Additionally, in this instance, Defendant O'ROURKE based this specific stop, search, seizure and interrogation of the Plaintiffs on information that clearly did not equate to probable cause.

-19-

O'ROURKE testified that he stopped COOPER's vehicle based upon a confidential informant's report that SMITH had "narcotics" on his person. It is well established that this information received from a confidential informant is not sufficient to create probable cause. The informant must specify what drugs are on the suspected perpetrator's person in order for there to be probable cause to stop, search and/or interrogate that person.

Moreover, it is well established that the confidential informant must be reliable. Defendant O"ROURKE had no idea what formed the basis of the informant's information and did not inquire into the basis of that knowledge. O'ROURKE also could not establish that the informant was reliable; he had no idea when the last time the informant had given him reliable information.

All of the above demonstrates an abject lack of probable cause to stop COOPER's vehicle, and to search the vehicle and interrogate either Plaintiff, and to arrest COOPER. Therefore, the Defendants are not entitled to summary judgment under the "clearly established right" prong of the qualified immunity standard.

        2.      Questions of Fact Exist as to Whether Defendant O'ROURKE and PASTORE Had Arguable Probable Cause to Arrest SMITH.

An arresting officer is protected by qualified immunity only if there was "arguable probable cause" to arrest the defendant, meaning that "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir.1991), *cert. denied sub nom.*, *Lillis v. Golino*, 505 U.S. 1221, 112 S.Ct. 3032 (1992)); *see also Zellner*, *supra*. "If officers of reasonable competence would have to agree that

-20-

the information possessed by the officer at the time of arrest did not add up to probable cause, the fact that it came close does not immunize the officer." *Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007).*

For the same reasons set forth above, no objectively reasonable police officer could have concluded that there was probable cause to stop COOPER's vehicle, search the vehicle, interrogate the Plaintiffs, and/or arrest SMITH based upon the information known to Defendant O"ROURKE at the time this occurred.

## POINT XIV

## THE  INDIVIDUAL DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES.

The Plaintiffs do not dispute that they cannot obtain punitive or exemplary damages against the City of New Rochelle.

However, regarding the individual Defendants, the Plaintiffs claim that there was no probable cause to stop COOPER's vehicle or to search or interrogate the Plaintiffs.   New York law considers the lack of probable cause and the presence of malice closely related. *Rounseville, supra at 631, citing Martin v. City of Albany, 42 N.Y.2d 13, 17 (1977).*  The existence of malice may be inferred from a finding that the defendants lacked probable cause. *Boyd v. City of N.Y., 336 F.3d 72, 78 (2d Cir. 2003), citing Ricciuti, supra at 131.*  Malice may be proved through circumstantial evidence. *Rounseville, supra at 630.*  The inference of malice due to a lack of probable cause is sufficient to withstand summary judgment. *Ricciuti supra, at 131, citing Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996).*

As indicated by the Defendants in their memorandum of law, punitive damages require proof that defendant's conduct was driven "by evil motive or intent" or by "reckless or callous

indifference" to the rights of others. *(Defendants' Memorandum of Law, p.29)*. This is malice. Therefore, unless the Defendants are able to establish the existence of probable cause to stop COOPER's vehicle or to search or interrogate the Plaintiffs, the claims for punitive damages must stand.

## <u>CONCLUSION</u>

Based upon the foregoing, the Plaintiffs respectfully request that the Court deny the Defendants' Motion for Summary Judgment pursuant to Fed.R.Civ.Pro. 56, as questions of material fact exist for a jury's determination on the Plaintiffs' claims made pursuant to 42 U.S.C. §1983 for a violation of their Fourth Amendment rights.

Dated: Hawthorne, New York
June 22, 2012

REISMAN, RUBEO & McCLURE, LLP

/s/

By:    CHRISTOPHER W. McCLURE, ESQ. (CM0251)
*Attorneys for Plaintiffs*
151 Broadway
Hawthorne, New York 10532
(914) 495-3050