UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

AMEY COOPER and GREGORY SMITH

                             Plaintiffs,

      -against-

CITY OF NEW ROCHELLE, DETECTIVE MICHAEL
O'ROURKE, individually and in his capacity as a member of the
City of New Rochelle Police Department; DETECTIVE JOHN
PASTORE, individually and in his capacity as a member of the
City of New Rochelle Police Department; POLICE OFFICERS
JOHN DOE NUMBERS ONE THROUGH FIVE (fictitious names
whose actual names are presently unknown), individually and in
their capacity as members of the City of New Rochelle Police
Department; POLICE OFFICER JANE DOE (a fictitious name
whose actual name is presently unknown), individually and in her
capacity as a member of the City of New Rochelle Police
Department, and DETECTIVE JOHN DOE, (a fictitious name
whose actual name is presently unknown) individually and in his
capacity as a member of the City of New Rochelle Police
Department,

                             Defendants.

------------------------------------------------------------------------X

**PLAINTIFF'S
RESPONSE TO
DEFENDANTS' LOCAL
RULE 56.1
STATEMENT**

**11 Civ 00069
(JFM/LMS**)

                                          The     Plaintiffs,

AMEY COOPER and GREGORY SMITH (hereafter referred to as COOPER and SMITH,

respectively) by and through their attorneys, Reisman, Rubeo & McClure, LLP, as and for the

Plaintiffs' Response to the Defendants' Statement Pursuant to Local Rule 56.1, set forth as follows:

**SMITH'S CRIMINAL BACKGROUND**

      1 - 23.  Plaintiffs' object to these paragraphs as these claims are not relevant to the

determination of any material issues of fact in the Defendants Motion for Summary Judgment,

including but limited to, whether Defendants O'ROUKE and PASTORE had the requisite probable

cause to pull over COOPER'S vehicle, search the vehicle and the Plaintiffs, and/or arrest SMITH.

Additionally, the asserted facts cannot be supported by admissible evidence. Defendants' Exhibits "G", "H" and "I"are in not in a form that would be admissible in evidence. The allegations contained in these paragraphs are mentioned solely to prejudice the Plaintiffs, and are neither material or relevant to the disposition of any issue in Defendants' Motion for Summary Judgment.

24.    Plaintiffs object to this paragraph as the claim is not relevant to the determination of any material issues of fact in the Defendants Motion for Summary Judgment, including but limited to, whether Defendants O'ROUKE and PASTORE had the requisite probable cause to pull over COOPER'S vehicle, search the vehicle and the Plaintiffs, and/or arrest SMITH.

25.    Plaintiffs object to this paragraph as the claim is not relevant to the determination of any material issues of fact in the Defendants Motion for Summary Judgment, including but limited to, whether Defendants O'ROUKE and PASTORE had the requisite probable cause to pull over COOPER'S vehicle, search the vehicle and the Plaintiffs, and/or arrest SMITH.

26.    Plaintiffs object to this paragraph as the claim is not relevant to the determination of any material issues of fact in the Defendants Motion for Summary Judgment, including but limited to, whether Defendants O'ROUKE and PASTORE had the requisite probable cause to pull over COOPER'S vehicle, search the vehicle and the Plaintiffs, and arrest/or SMITH.

**THE DETECTIVE'S BACKGROUND**

27-44.  The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Plaintiffs object to these paragraphs as these claims are not relevant to the determination of any material issues of fact in the Defendants Motion for Summary Judgment, including but limited to, whether Defendants O'ROUKE and PASTORE had the requisite probable cause to pull over COOPER'S vehicle, search the vehicle and the

Plaintiffs, and/or arrest SMITH.   Additionally,  Defendants' Exhibits "P"and "Q"are in not in a form that would be admissible in evidence.

**THE USE OF CONFIDENTIAL INFORMANTS BY THE NRPD**

45-53.  The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.   Furthermore, Plaintiffs' object to these paragraphs as the alegations are not relevant to the determination of any material issues of fact in the Defendants Motion for Summary Judgment, including but limited to, whether Defendants O'ROUKE and PASTORE had the requisite probable cause to pull over COOPER'S vehicle, search the vehicle and the Plaintiffs, and/or arrest SMITH.

**NOVEMBER 1, 2008**

54-58.  Plaintiffs object to these paragraphs as the allegations are not relevant to the determination of any material issues of fact in the Defendants Motion for Summary Judgment, including but limited to, whether Defendants O'ROUKE and PASTORE had the requisite probable cause to pull over COOPER'S vehicle, search the vehicle and the Plaintiffs, and arrest SMITH.

59-84.  Plaintiffs admit the allegations contained in these paragraphs.

85.     Plaintiffs admit that an unmarked car police driven by O'ROURKE pulled up behind COOPER'S vehicle.  *(Defendants' Ex. O, pp. 70-79)*

**THE CONFIDENTIAL INFORMANT**

86-95.  The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

96.     Plaintiffs object to the allegations in this paragraph to the extent that the sworn allegations of fact state that the confidential informant stated to O'ROURKE only that SMITH was

in possession of "narcotics". *(Defendants' Ex. O, pp. 45,59, & 65 and Defendants' Ex. N, p. 23)*.

Plaintiffs object to Defendants' Exhibits "T"and "U"as they are in not in a form that would be

admissible in evidence, and therefore the allegations contained therein may not be considered in the

determination of Defendants Motion for Summary Judgment.

   97.    Plaintiffs object to Defendants' *Exhibit "T"* as it is not in a form that would be

admissible in evidence, and therefore the allegations contained therein may not be considered in the

determination of Defendants Motion for Summary Judgment.

   98.    Plaintiffs object to Defendants' *Exhibit "U"* as it is not in a form that would be

admissible in evidence, and therefore the allegations contained therein may not be considered in the

determination of Defendants Motion for Summary Judgment.

   99.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

   100.   The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

   101.   The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.  Plaintiffs object to Defendants' *Exhibit "T"* as

it is not in a form that would be admissible in evidence, and therefore the allegations contained

therein may not be considered in the determination of Defendants Motion for Summary Judgment.

   102.   The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.  Plaintiffs object to Defendants' *Exhibit "T"* as

it is not in a form that would be admissible in evidence, and therefore the allegations contained

therein may not be considered in the determination of Defendants Motion for Summary Judgment.

103.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Plaintiffs object to Defendants' *Exhibit "T"* as it is not in a form that would be admissible in evidence, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

104.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

105.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

106.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Plaintiffs object to Defendants' *Exhibit "T"* as it is not in a form that would be admissible in evidence, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

107.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

108.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

109.    Plaintiffs object to Defendants' *Exhibit "V"* as it is not in a form that would be admissible in evidence, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

**SMITH'S ARREST**

110-152.

Plaintiffs object to any alleged facts cited by Defendants in Defendants' *Exhibits "T", "U,*

*"X", "Y" and "Z "*as the documents are in not in a form that would be admissible in evidence, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

The Plaintiffs submit that there are questions of material fact regarding the entire description by Defendants O'ROURKE and PASTORE as to their encounter with the Plaintiffs during the traffic stop and SMITH'S arrest, as follows:

Plaintiffs admit that O'ROURKE and PASTORE approached COOPER'S vehicle. However, O'ROURKE approached COOPER at the driver's side of the vehicle, and PASTORE approached SMITH at the passenger's side. *(Defendants' Ex. M, pp.42-43,Defendants' Ex. L, pp. 148-149, Defendants' Ex. S, p. 14 & Defendants' Ex. R, pp. 18-19).*

O'ROURKE asked COOPER for her information and she complied with his requests. He then asked SMITH what his name was and directed SMITH to exit the vehicle. *(Defendants' Ex. M, p. 43; Defendants' Ex. L, p.148; Defendants' Ex. S, p. 14*; *& Defendants' Ex. R, p.20).*

When SMITH got out of the car PASTORE immediately placed SMITH in handcuffs. *(Defendants' Ex. M, p. 43; Defendants' Ex. L, p.151; & Defendants' Ex. S, p. 16)* PASTORE then immediately searched SMITH. *(Defendants' Ex. M, pp. 44-45, 49-50, 53-54; Defendants' Ex. L, p.150; Defendants' Ex. S, p. 16-17*; *& Defendants' Ex. R, p.25-26).* PASTORE removed cigars, scratch off cards, keys and two bags of marijuana from SMITH'S pockets. *(Defendants' Ex. M, pp. 44-45, 49-50, 53-54; Defendants' Ex. L, pp.150-152; Defendants' Ex. S, p. 16-17*; *& Defendants' Ex. R, p.25-26)*

Plaintiffs deny that O'ROURKE informed SMITH that he was conducting a drug investigation, and deny that SMITH told O'ROUKE that he had marijuana in his pocket.

Plaintiffs deny that SMITH said "I have some weed in my pocket", and further denies that SMITH removed two plastic bags containing marijuana from his own shirt pocket and handed them to O'ROURKE.

O'ROURKE went to the passenger side window and asked if he could pat around the seat where SMITH had been sitting.   COOPER asked if O'ROURKE needed a search warrant. O'ROURKE said "no", and that he only wanted to pat around the seat where SMITH was seated. *(Defendants' Ex. Defendants' Ex. M, p.54; Defendants' Ex. S, pp. 17-19)*.  O'ROURKE stuck his hand through the window and searched the seat, glove compartment and ash tray of COOPER'S vehicle.   He dumped the contents of the glove compartment and ashtray on the car floor *(Defendants' Ex., p.54-55 & Defendants' Ex. S, p. 19)*.

PASTORE walked SMITH to the back of the car and O'ROURKE began questioning and searching SMITH.  *(Defendants' Ex. L, p. 152-153; & Defendants' Ex. R, p. 29).*   O'ROURKE got mad because SMITH was not answering his questions and punched SMITH in the mouth.  He then pushed SMITH onto the hood of the police car and choked him by placing his forearm on SMITH'S throat. *(Defendants' Ex. L, pp,. 153, 157-162; Defendants' Ex. M, p. 57)* SMITH was bleeding from his mouth while laying on hood of the police car.  *(Defendants' Ex. L, pp. 166-167; Defendants' Ex. M, p. 56).*  SMITH denies striking or struggling with O'ROURKE.

Both PASTORE and O'ROURKE lifted SMITH off of the hood of the police car and put him face down on the ground.  O'ROURKE put his foot on SMITH'S back.  *(Defendants' Ex. L, pp,. 158 & 162).* Both O'ROURKE and PASTORE lifted SMITH off of the ground.  *(Defendants' Ex. L, pp,. 153, 157-162; Defendants' Ex. M, pp. 57-58).*

COOPER used her cellular telephone to call SMITH'S mother during SMITH'S arrest.

*(Defendants' Ex. M, pp,. 57-58)*

  Several marked and unmarked City of New Rochelle Police vehicles arrived on the scene.

Unidentified uniformed City of New Rochelle Police Officers picked up SMITH off of the ground

and placed in a marked City of New Rochelle police vehicle.  *(Defendants' Ex. L, p. 163)*.  SMITH

was transported to the City of New Rochelle Police Headquarters by the patrol officers.

  SMITH denies possessing cocaine.

## THE SEARCH OF COOPER'S VEHICLE

  153-170.

  The Plaintiffs submit that there are questions of material fact regarding the entire description

by Defendants O'ROURKE and PASTORE as to the search of COOPER and her vehicle, as follows:

  PASTORE directed COOPER to get back into her vehicle during SMITH'S arrest.

*(Defendants' Ex. M, pp,. 57-58)*

  An unidentified uniform officer came to COOPER'S car window and ordered her to give him

the keys to the car.  COOPER complied with the officer's demand.  *(Defendants' Ex. M, p. 59)*

  O'ROURKE then ordered COOPER to give him her cell phone, get out of her car, and to put

her hands on the hood and stay there.  COOPER was then interrogated by a "short Hispanic officer".

*(Defendants' Ex. M, p. 60)*.

  O'ROURKE returned and threatened to impound COOPER'S car and arrest her for loitering.

*(Defendants' Ex. M, pp. 60-62)*.

  An unidentified female officer searched Cooper's purse, wallet and person*. (Defendants'*

*Ex. M, pp. 62-63)*.

  No contraband was recovered from COOPER'S person or property.  *(Defendants' Ex. M,*

*pp. 62-63).*

O'ROURKE directed at least four unidentified City of New Rochelle police officers to search COOPER'S car.  The officers took Cooper's property out of the car, and threw on the street and the curb.  The officer searched the entire interior of the car. O'ROURKE insisted that the officers continue to search the car even after other officers requested to stop the search because there was no illegal contraband in the car.  *(Defendants' Ex. M, pp. 63-64)*

O'ROURKE then questioned COOPER about the contents of her trunk/hatch back.  She told O'ROURKE that the tools belonged to SMITH.  *(Defendants' Ex. M, pp. 64-65)*

O'ROURKE then went to the front of the car, where COOPER was still standing with her hands on the hood of the car, and advised that he was going to impound the car because they had found crack in the vehicle.  O'ROURKE balled up COOPER'S vehicle registration and cell phone and slammed both of them on the hood of COOPER'S car. He then took her keys and her driver's license and he flung them through the window of he car. He said, "Here is all your shit. Go on and get out of here. We don't want anything, but we will be down next week to see you at the health department." He also said, "By the way, go get your car washed and I hope your kids don't choke on crack".  *(Defendants' Ex. M, pp. 66-67)*

No illegal contraband was found in COOPER'S vehicle.

The Defendants seized SMITH'S Sawzall from the hatch back of COOPER'S vehicle.

The Defendants left the scene and returned to police headquarters. *(Defendants' Ex. N, pp. 64-65 and Defendants' Ex. O, p. 150)*

O'ROURKE, PASTORE and the unidentified City of New Rochelle police officer left COOPER standing in the street with her car.  They left the property that they removed from

COOPER'S car strewn in the street and on the curb.  *(Defendants' Ex. M, pp. 67-68)*

COOPER was too shaken up to drive, so she called SMITH'S sister to come and assist her collecting her belongings and drive he car.  *Defendants' Ex. M, pp. 67-68)*

**SMITH'S MEDICAL TREATMENT**

171.    SMITH had visible injuries on the scene. SMITH advised the officers that he could not breathe and blood was coming from his mouth.  *(Defendants' Ex. M, p. 56)*

172.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

173.    Admit.

174.    Admit.

175.    Admit.

176.    Admit.

177.    Admit.

178.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Additionally, Plaintiffs object to Defendants' *Exhibit "LL"* as it is not in a form that would be admissible in evidence at rial , and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

179.    Admit.

180.    Admit.

181.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Additionally, Plaintiffs object to Defendants'

*Exhibits "AA" and "LL"* as they are not in a form that would be admissible in evidence at trial, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment. Additionally, the allegations are neither material, nor relevant to the determination of any issue in th Defendants Motion for Summary Judgment.

182-189.     Plaintiff admits the allegations in these paragraphs, however, objects because the allegations are neither material, nor relevant to the determination of any issue in th Defendants Motion for Summary Judgment.

## SMITH'S PROCESSING

190-193.     Plaintiff admit the allegations contained in these paragraphs.

194.     The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Additionally, Plaintiffs object to Defendants' *Exhibits "T", "X", "Y" & "Z"* as they are not in a form that would be admissible in evidence at trial, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

195.     The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Additionally, Plaintiffs object to Defendants' *Exhibits "X" & "Y"* as they are not in a form that would be admissible in evidence at trial, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

196.     The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Additionally, Plaintiffs object to Defendants' *Exhibits "T" and "EE"* as they are not in a form that would be admissible in evidence at trial, and

therefore the allegations contained therein may not be considered in the determination of Defendants

Motion for Summary Judgment. Additionally, the allegations are neither material, nor relevant to

the determination of any issue in th Defendants Motion for Summary Judgment.

**SMITH'S PROSECUTION**

197.    Admit.

198.    Admit.

199.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

200.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

201.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

202.    Admit.

203.    Admit.

204.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

205.    Admit.

206.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

207.    Admit.

**LIEUTENANT ROBINSON'S BACKGROUND**

208-221.        The Plaintiffs deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph. Plaintiffs object to the allegations contained in these paragraphs as they are neither material, nor relevant to the determination of any issue in th Defendants Motion for Summary Judgment.

## COOPER'S CIVILIAN COMPLAINT

222.    Admit.

223.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Additionally, Plaintiffs object to Defendants' *Exhibit "LL"* as it is not in a form that would be admissible in evidence at rial , and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

224.    Admit.

225.    Admit.

226.    Admit.

227.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Additionally, Plaintiffs object to Defendants' *Exhibit "HH"* as it is not in a form that would be admissible in evidence at rial , and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

228.    Admit.

229-234. The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs.

234.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

235.    Plaintiffs admit that Lieutenant Robinson partially substantiated COOPER'S

complaint, however, the Plaintiffs deny knowledge or information sufficient to form a belief as to

the basis of Lieutenant Robinson's findings.

236.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

237.    Admit.

238-241.        The Plaintiffs deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in these paragraphs.

## SMITH'S CIVILIAN COMPLAINT

242.    Admit.

243.    The Plaintiffs deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in these paragraphs.

244.  Plaintiffs admit that Sgt. Fagan interviewed them, but Plaintiffs deny knowledge or

information sufficient to form a belief as to the truth of the allegations that he interviewed

O'ROURKE.

245.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.  Additionally, Plaintiffs object to Defendants'

*Exhibit "LL"* as it is not in a form that would be admissible in evidence at rial , and therefore the

allegations contained therein may not be considered in the determination of Defendants Motion for

Summary Judgment.

246.    Admit.

247.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Additionally, Plaintiffs object to Defendants' *Exhibit "LL"* as it is not in a form that would be admissible in evidence at trial, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

248.    Admit.

249.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Additionally, Plaintiffs object to Defendants' *Exhibits "JJ" & "KK"* as they are not in a form that would be admissible in evidence at trial, and therefore the allegations contained therein may not be considered in the determination of Defendants Motion for Summary Judgment.

250.    Plaintiffs admit that Lieutenant Robinson interviewed them, but Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations that Lieutenant Robinson interviewed O'ROURKE and PASTORE and/or reviewed police reports.

251-256.  The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

257.    Admit.

258.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.  Plaintiffs object to the allegations contained in these paragraphs as they are neither material, nor relevant to the determination of any issue in th Defendants Motion for Summary Judgment.

259.    Admit.

260.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

261.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

262.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

263.    Admit.

264.    The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

Dated: Hawthorne, New York
       June 22, 2012

REISMAN, RUBEO & McCLURE, LLP

/s/

BY:    CHRISTOPHER W. McCLURE, ESQ. (CM0251)
       *Attorneys for Plaintiff*
       151 Broadway
       Hawthorne, New York 10532
       (914) 495-3050
       cmcclure@rrmllp.com